IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-EWN-KLM

MALACHI Z. YORK, a/k/a Dwight York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

    Defendants.
_____

**ORDER DENYING MOTION TO STAY DISCOVERY**
_____
**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Bureau of Prison's (BOP) Motion to

Stay Discovery [Docket No. 63; Filed [Docket No. 63; Filed April 30, 2008] (the "Motion").

Despite Defendant's repeated attempts to confer and obtain Plaintiff's position on the Motion, Plaintiff failed to timely indicate whether he would oppose the relief requested herein. On May 14, 2008, the Court conducted a hearing on an unrelated motion, and Plaintiff's counsel informed the Court that she was unsure whether Plaintiff would oppose a stay [Docket No. 75]. She also indicated that she would attempt to clarify her client's position and inform Defendant whether the Motion was opposed. The Court notes that the time period for Plaintiff to respond to the Motion has now passed, and Plaintiff failed to file a response. As such, the Court is unaware of Plaintiff's position, but will proceed as if the Motion is opposed.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. A stay of discovery is generally disfavored; however, a stay may nevertheless be appropriate in limited circumstances, e.g., during the pendency of a motion to dismiss involving jurisdictional issues. *See* 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994). Here, while there is a motion to dismiss Plaintiff's case filed by Defendant BOP pending [Docket No. 80], the motion seeks dismissal on the merits rather than on jurisdictional issues. Further, the motion has not been referred to this Court.

Defendant BOP instead justifies its request for a stay on the fact that Plaintiff has been given leave to file an Amended Complaint asserting claims against twenty-three federal officials in their individual capacities.[1] The status of service of the Summons and

---

[1] At the time the Motion was filed, the Court had not yet ruled on Plaintiff's motion to amend [Docket No. 53], so the Motion is couched in terms of potential difficulties should the Court agree to allow Plaintiff to assert claims against additional parties. The Court has now ruled on the motion to amend, which was unopposed, and granted Plaintiff leave to file an Amended Complaint [Docket No. 70].

Amended Complaint on these individuals is unclear and, consequently, no answer dates are known.[2] Further, the dispositive motions deadline in this case is set by the District Court Judge, and a stay of discovery would have no affect on that deadline. Given that the discovery deadline is linked to the dispositive motions deadline, and given this Court's inability to stay the dispositive motions deadline, the Court finds that a stay of discovery would not serve the Court or the present parties in this instance. Although the Court is sympathetic to the argument that conducting discovery may be inefficient prior to the newly-named Defendants making their appearance, as Defendant BOP's counsel noted, she is unclear whether she will be representing these individuals or how they will respond to the Amended Complaint. It will be the newly-named Defendants' responsibility to move for extensions of certain deadlines or other relief should that become necessary.

A consideration of the factors set forth by the court in *String Cheese* does not prompt a different result. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). As is almost always the case, the Court assumes that Plaintiff would prefer to proceed expeditiously with discovery. Further, although Defendant BOP contends it would be burdened by discovery, Defendant makes this argument on behalf of newly-named Defendants that Defendant BOP's counsel may or may not represent. As such, I find that Defendant BOP has failed to articulate a burden that outweighs the general preference of plaintiffs to proceed without delay. Further, as noted above, the Court finds that it would not be negatively impacted by

---

[2] By Order of May 8, 2008, the Court ordered Plaintiff to effect service of the Summons and Amended Complaint on the newly-named Defendants on or before May 27, 2008. No affidavits of service have been docketed by Plaintiff as to these Defendants, and I am unaware whether Plaintiff has complied with my prior Order.

denying a stay of discovery at this time. Indeed, considering that the position of the newly-named Defendants is unknown, the request to stay all discovery in this case is premature. Finally, there does not seem to be a compelling third party or public interest here to tip the balance in favor of granting a stay.

IT IS FURTHER **ORDERED** that on or before **June 2, 2008**, Plaintiff shall certify his compliance with my May 8, 2008 Order, and shall file proof of service of the Summons and Amended Complaint on the newly-named Defendants.

Dated:    May 29, 2008
                                                                BY THE COURT:

                                                                 s/ Kristen L. Mix
                                                                U.S. Magistrate Judge
                                                                Kristen L. Mix