IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-EWN-KLM

MALACHI Z. YORK, a/k/a Dwight York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

    Defendants.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Unopposed Motion for Reconsideration

and for Leave to File Return of Service Documents and Request for Disclosures Under

Seal and for Appointment of U.S. Marshal, for Service of Process [Docket No. 82; Filed June 9, 2008] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** for the reasons stated below.

As a preliminary matter, the Court finds that Plaintiff has failed to comply with two Court Orders which directly affect the relief requested in the Motion. In the first instance, Plaintiff was ordered to serve the Amended Complaint on the recently-named defendants by May 27, 2008 [Docket No. 70]. Plaintiff failed to do so or to move for an extension of time prior to the deadline. In the second instance, Plaintiff was ordered to certify his compliance with my previous Order and to file proofs of service by June 2, 2008 [Docket No. 81]. Plaintiff failed to do so or to move for an extension of time prior to the deadline.

Secondly, Plaintiff now alleges that excusable neglect justifies his inability to comply with these Orders or to timely move for an extension. However, Plaintiff has failed to assert sufficient facts to show excusable neglect regarding either activity, other than that "Plaintiff's counsel has been unable to locate any other information to facilitate the service of process on the named defendants." Plaintiff provides no explanation for his failure to seek an extension of time to serve the new defendants before the deadline. Regarding his failure to complete service, Plaintiff's counsel makes no attempt to describe her efforts to locate the recently-named defendants for purposes of serving them with process. Moreover, while Plaintiff's counsel claims that she has been unable to locate current addresses for the twenty-three recently-named defendants, the Court refuses to accept that Plaintiff has been unable to effect service on any of them. Plaintiff is incarcerated at the United States Penitentiary, Administrative Maximum ("ADX"). Based on its own experience

in dealing with ADX prisoner cases, the Court notes that at least three of the recently-named defendants are currently employed by the Bureau of Prisons ("BOP") at the facility where Plaintiff is presently incarcerated (Nafziger, Wiley, and Fetterhoff). In addition, at least one new defendant (Nalley) is currently serving as a regional director for the BOP and, given that status, should not be difficult to locate or serve. Indeed, the BOP website (www.bop.gov) provides a map showing the location and address of each Regional Office. While the Court is mindful of Plaintiff's contention that several of the other recently-named defendants have either retired or left their previous employment, Plaintiff fails to indicate who those defendants are and what attempts were made to locate them through other private means. *See generally* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (3d ed. 2002 & Supp. 2008). In sum, Plaintiff has utterly failed to justify the allegation of "excusable neglect" regarding his failure to complete service or his failure to timely seek more time to do so.

Finally, the Court finds that Plaintiff has failed to justify entry of an Order requiring the Marshal's Service to serve the recently-named defendants. An illness of the process server employed by Plaintiff does not excuse Plaintiff from his obligation to first "seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981).[1] Manifestly, there are dozens of private process servers for hire in Colorado and elsewhere. A website named "Serve-now.com" lists no fewer than two hundred in Colorado

---

[1] As Plaintiff is neither proceeding *in forma pauperis* nor a seaman, the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court. Fed. R. Civ. P. 4(c)(3); *see Brewer v. Ray*, 181 Fed. Appx. 563, 566 (7th Cir. 2006) (noting that prisoner not entitled to Marshal service where he was not proceeding *in forma pauperis*).

alone.  Plaintiff offers no explanation for why he failed to hire a different process server when his original process server fell ill.  Moreover, according to the Advisory Committee Notes for the rule authorizing service by U.S. Marshal, "court orders directing service by marshal should not be issued unless they are *really* necessary."  *Id.* (emphasis added).  Plaintiff has failed to show such necessity.

Although the Motion is unopposed, and Plaintiff indicates that Defendant BOP actually suggested that the Court order it to submit addresses for the recently-named defendants to enable the Marshal's Service to effect service, the Court is not inclined to utilize this costly and burdensome approach at this time.  Plaintiff must make reasonable efforts to locate and serve the recently-named defendants before this Court will authorize service by U.S. Marshal.  *See, e.g.*, *Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003); *McKnight v. Madison Parish Sch. Bd.*, No. 07-0030, 2007 WL 3444677, at *1 (W.D. La. Nov. 15, 2007) (unpublished decision); Advisory Committee Notes, 93 F.R.D. at 262.  Moreover, Plaintiff should at least discuss with Defendant BOP, which does not oppose Plaintiff's Motion, whether the BOP will accept service of the Amended Complaint on behalf of those individuals who are current BOP employees.  Even were service by the U.S. Marshal to be ordered, it is generally Plaintiff's burden, not Defendant BOP's, to provide sufficient identifying information for the U.S. Marshal to serve the recently-named defendants.  *See, e.g.*, *Smilde v. O'Neill*, 22 Fed. Appx. 625, 627 (7th Cir. 2001).  Therefore, if Plaintiff renews his Motion, he must also indicate who the remaining unserved defendants are and describe *in detail* his reasonable attempts to locate them through private means.  Accordingly,

IT IS FURTHER **ORDERED** that to the extent that the Motion requests an extension

of time to serve the recently-named defendants, the Motion is **GRANTED**. On or before **July 8, 2008**, Plaintiff shall file proofs of service of the Summons and Amended Complaint on the recently-named defendants.

IT IS FURTHER **ORDERED** that to the extent that the Motion requests an order requiring the U.S. Marshal to serve the Summons and Amended Complaint, the Motion is **DENIED**.

IT IS FURTHER **ORDERED** that to the extent that the Motion requests an order compelling Defendant BOP to file addresses of the recently-named defendants under seal for the purpose of effecting service by the U.S. Marshal, the Motion is **DENIED**.

Dated: June 11, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix