IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-EWN-KLM

MALACHI Z. YORK, a/k/a Dwight York,

　　Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

　　Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDERS RESETTING SETTLEMENT CONFERENCE AND DENYING
CONTINUANCE OF PLAINTIFF'S DEPOSITION**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

　　This matter is before the Court on **Defendant [BOP's] Motion to Vacate and Reset**

**Dispositive Motion Deadline** [Docket No. 111; Filed August 22, 2008] (the "Motion to Reset Dispositive Motion Deadline") and **Defendant [BOP's] Motion to Vacate and Reset Settlement Conference** [Docket No. 112; Filed August 22, 2008] (the "Motion to Reset Settlement Conference"). Pursuant to D.C. Colo. L. Civ. R. 7.1(A), Defendant BOP ("Defendant") attempted to confer with Plaintiff's counsel. After waiting a reasonable amount of time for her response, Defendant filed the present Motions. It is unclear what Plaintiff's position is regarding either Motion.

Also before the Court is Plaintiff's **Unopposed Motion to Continue the Deposition of Plaintiff** [Docket No. 116; Filed August 27, 2008] (the "Emergency Motion").

### I. Orders on Motion to Reset Settlement Conference [#112] and Emergency Motion [#116]

IT IS HEREBY **ORDERED** that Defendant's Motion to Reset Settlement Conference is **GRANTED**. The Settlement Conference set for September 8, 2008 at 1:30 p.m. is **vacated**. Although Defendant proposes that the Settlement Conference be reset during the week of October 6, 2008, due to conflicts on the Court's calendar, it is **RESET** to **October 2, 2008 at 1:30 p.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Plaintiff shall participate via telephone by calling Chambers at **(303) 335-2770** on the date and time set for the conference.

IT IS FURTHER **ORDERED that the parties shall follow Magistrate Judge Mix's Instructions for Preparation of Confidential Settlement Statements, a copy of which is attached.**

Parties shall submit their Confidential Settlement Statements on or before

**September 26, 2008**. Parties participating in ECF shall e-mail ONLY the Confidential Settlement Statement in PDF format to Mix_Chambers@cod.uscourts.gov. All additional settlement materials (e.g., depositions transcripts, exhibits, etc.) are to be submitted to the court as hard copies. Any additional material shall be delivered to the office of the Clerk of the Court or mailed directly to Magistrate Judge Mix in an envelope marked "Confidential and Private per Magistrate Judge Mix's Order."

Anyone seeking entry into the Byron Rogers United States Courthouse will be required to show valid photo identification. *See* D.C. Colo. L. Civ. R. 83.2(B).

IT IS HEREBY **ORDERED** that Plaintiff's Emergency Motion is **DENIED**. The Court finds that Plaintiff's last-minute attempt to postpone his deposition is made for the purpose of delay and would unnecessarily prolong these proceedings. Plaintiff has been on notice since July 14, 2008 of Defendant's intention to depose him [Docket No. 95]. On August 8, 2008, the Court ordered Plaintiff's deposition to occur no later than August 29, 2008 [Docket No. 102], and Plaintiff has failed to provide any good cause for extending this deadline. Further the Court does not find that Plaintiff will be prejudiced by such a result. He is currently represented by counsel who is admitted to practice in this District

## II. Recommendation on Motion to Reset Dispositive Motion Deadline [#111]

Pursuant to the memorandum of referral [Docket No. 115], the Motion to Reset Dispositive Motion Deadline has been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. As such, the Court RECOMMENDS that the Motion to Reset Dispositive Motion Deadline be **GRANTED**.

The Court finds that Defendant BOP has provided good cause for the extension of the dispositive motion deadline considering that an extension will allow Defendant to receive the transcript of Plaintiff's deposition and incorporate appropriate testimony in its dispositive motion. The Court further finds that the delay in deposing Plaintiff was not caused by Defendant. Indeed, the delay stemmed from Plaintiff's counsel informing the Court that she did not know whether her client, who is incarcerated, would object to Defendant's motion to take his deposition [Docket No. 95]. Rather than grant Defendant's motion to take Plaintiff's deposition outright, the Court delayed its decision to allow Plaintiff's counsel the opportunity to determine whether her client would oppose having his deposition taken [Docket No. 99]. Despite this courtesy, Plaintiff did not respond within the time allotted pursuant to D.C. Colo. L. Civ. R. 7.1(C), and the Court granted Defendant's motion to depose Plaintiff [Docket No. 102]. As noted above, Plaintiff's recent last-minute attempt to delay his deposition is not well taken and no continuance of the deposition is warranted.

Because Defendant has provided good cause for extension of the dispositive motion deadline, I FURTHER **RECOMMEND** that the deadline be extended to **October 2, 2008**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: August 27, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix