IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01297–EWN–KLM

MALACHI Z. YORK,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

    Defendants.

---

# ORDER

---

It has come to this court's attention that an individual by the name of CLLR. Francis Y.S. Garwalolu has applied for admission to the bar of the court under the local rules of practice by submitting the court's application form entitled "Application for Admission to the Bar of the Court." In response to part one of the form, wherein an applicant is required to provide information regarding the applicant's license to practice law, Mr. Garwalolu failed to indicate that he has been admitted to practice in a jurisdiction which meets this court's admission standard, which is recited on the top of the form and clearly states as follows:

> An applicant for admission to the bar of this court is limited to persons of good moral character ***licensed by the highest court of a state, federal territory or the District of Columbia*** and who are in good standing in all courts and jurisdictions where admitted.

D.C.COLO.LCivR 83.3, D.C.COLO.LCrR 57.5. (Emphasis added).

The applicant provided documentation that he has been admitted to the bar of the Supreme Court of the Republic of Liberia. He has not, however, provided any information on the form indicating that he holds a license to practice law in the United States; nor has he submitted any substantiating documentation in the nature of a certificate of good standing from a state, federal territory or the District of Columbia. Materials that were submitted by tele-facsimile on August 27, 2008 to the district court's attorney admissions clerk apparently attempted to assert that the applicant was admitted to a "United States Court of Appeals" on March 16, 2005. Those materials are either (1) completely illegible or (2) are insufficient in that they consist of an apparent Public Access to Court Electronic Records (PACER) record that states that a letter was issued by a court returning one copy of an out of time amicus brief submitted by Mr. Garwalolu. The applicant's submissions utterly fail to provide an adequate record of a license to practice law in any jurisdiction in the United States.

Furthermore, it is within a licensing jurisdiction's discretion to proscribe admission rules that limit admission, when sought by motion, to those attorneys who have been admitted to practice anywhere in the United States:

> [The Supreme Court of Ohio rules of admission] require an applicant to possess "a certificate of admission as an attorney at law in the highest court of another state or in the District of Columbia." Bashir concedes that he is not admitted to practice anywhere in the United States. Therefore, he is clearly ineligible under the Rule for admission on motion notwithstanding his Pakistani citizenship.

*Bashir v. Supreme Court of Ohio*, 652 F.2d 641, 643 (6th Cir.1981).

Accordingly, it is

**ORDERED** that applicant Garwalolu is hereby denied admission to the bar of this court under D.C.COLO.LCivR 83.3 and D.C.COLO.LCrR 57.5., and as a result, is barred from entering an appearance or in any manner participating as counsel in this case, subject to the submission of a conforming application for admission to the bar that clearly and convincingly provides substantiation that he has been licensed by the highest court of a state, federal territory or the District of Columbia.

Dated this  28th  day of August, 2008.

 s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge