IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-PAB-KLM

MALACHI Z. YORK, a/k/a Dwight York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant [BOP's] Motion for Summary Judgment** [Docket No. 132; Filed October 2, 2008] ("Motion for Summary Judgment") and

**Defendant [BOP's] Motion to Dismiss** [Docket No. 80; Filed May 28, 2008] ("Motion to Dismiss"). Because the Court resolves the case on consideration of the Motion for Summary Judgment, the Court does not to address the arguments raised in the Motion to Dismiss. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C), the Motion for Summary Judgment has been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues. As such, the Court recommends that the Motion for Summary Judgment be **GRANTED** and that the Motion to Dismiss be **DENIED as moot**.

## I. Factual and Procedural Background

On June 20, 2007, Plaintiff filed a federal lawsuit pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971) to address the conditions of his incarceration at the United States Penitentiary, Administrative Maximum Prison in Florence, Colorado ("ADX") [Docket No. 1]. On May 08, 2008, Plaintiff was given leave to file a Second Amended Complaint, which is the operative pleading for purposes of resolution of the Motion for Summary Judgment [Docket No. 71]. Specifically, Plaintiff contends that his incarceration at ADX violates his Fifth Amendment rights and that the medical care he has received violates his Eighth Amendment rights.

The Second Amended Complaint asserts claims against the Federal Bureau of Prisons ("BOP") and multiple federal officers. To date, none of the individual Defendants have been served with the Summons and Second Amended Complaint, despite two extensions of the Court's deadline for service [Docket Nos. 70, 81 & 85]. Therefore, the individual Defendants have not been made parties to this lawsuit and the time for Plaintiff

to do so has expired.

The Motion for Summary Judgment was filed solely by the BOP and seeks dismissal of Plaintiff's case on several procedural and substantive grounds. Plaintiff was represented by counsel at the time of its filing, but Plaintiff failed to timely respond to the Motion for Summary Judgment. Rather, Plaintiff moved for an extension of time to file his response prior to expiration of the deadline [Docket No. 133]. Due to Plaintiff's failure to comply with D.C. Colo. L. Civ. R. 7.1(A), the former District Judge assigned to this matter denied the motion before the deadline for Plaintiff to respond [Docket No. 135].[1] Rather than filing a timely response, or filing a proper motion to extend the time to do so, Plaintiff filed a motion to reconsider after the deadline for his response had expired [Docket No. 138]. This motion was denied by the current District Judge assigned to this matter due to Plaintiff's history of noncompliance with Local Rule 7.1(A) [Docket No. 145]. Therefore, the Court considers the Motion for Summary Judgment to be fully briefed despite the lack of a response.

At the time Plaintiff filed the Second Amended Complaint and, more specifically, at the time the Motion for Summary Judgment was filed and the issue of Plaintiff's response was being litigated, Plaintiff was represented by counsel. Plaintiff's counsel was given leave to withdraw on January 7, 2009 [Docket No. 143], and Plaintiff is now proceeding *pro se*.

## II. Standard of Review

Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as

---

[1] The Order was dated October 23, 2008. Pursuant to D.C. Colo. L. Civ. R. 7.1(C) and Fed. R. Civ. R. 6(d), the deadline for Plaintiff to respond was October 25, 2008.

a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the outcome could be decided in favor of either party. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it could reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the movant does not bear the ultimate burden at trial, as is the case here, it need only satisfy the initial burden of demonstrating the absence of evidence to support the nonmovant's case. *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the allegations in its pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To satisfy its burden of providing specific facts, the nonmoving party must tender affidavits of other competent evidence. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The factual record and inferences therefrom are generally viewed in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). However, to be entitled to preferential review, the nonmoving party must respond to the Motion for Summary Judgment. "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

Finally, although Plaintiff is now proceeding *pro se*, because he was represented by counsel at the time his Second Amended Complaint and the Motion for Summary Judgment were filed, the Court does not give him the benefit of liberal pleading interpretation.

### III. Analysis and Statement of Undisputed Facts

Although the Motion for Summary Judgment raises multiple substantive arguments in support of dismissal, I find that the Motion may be resolved on the procedural ground submitted by Defendant. Specifically, Defendant argues, and I agree, that the complaint must be dismissed for Plaintiff's failure to exhaust his administrative remedies. *Motion for Summary Judgment* [#132] at 8-10.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions via federal complaint. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As noted above, Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to any of his claims such that he is barred from bringing this suit pursuant to the PLRA. "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, ___, 127 S. Ct. 910, 918-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2382 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). However, the burden is not on the Plaintiff to sufficiently plead exhaustion or attach exhibits proving exhaustion. *Jones*, 127 S. Ct. at 921. Rather, the burden is on Defendant to assert a failure to exhaust in their dispositive motion. Here, Defendant's

failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue in Plaintiff's favor as to whether his claims were properly exhausted, the Second Amended Complaint *must* be dismissed without prejudice. *See Dawson v. Werholtz*, No. 07-3165-JWL, 2008 WL 1773866, at *1 & n.1 (D. Kan. Apr. 16, 2008) (unpublished decision) (citing *Fields v. Ok. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice).

As a preliminary matter, the prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 127 S. Ct. at 923 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). "Compliance with prison grievance procedures, therefore, is all that is required by PLRA to 'properly exhaust.'" *Baldauf v. Garoutte*, No. 03-cv-01104-REB-CBS, 2007 WL 2697445, at *4 (D. Colo. Sept. 11, 2007) (unpublished decision) (citation omitted). Here, the grievance procedures and methods for tracking filed grievances were described in the affidavit of ADX supervisory attorney, Christopher B. Synsvoll [Docket No. 132-5]. Pursuant to the BOP grievance policy in effect, inmates must grieve any alleged injuries by pursuing a four-step process: (1) the inmate must attempt informal resolution with prison staff; (2) after receiving a response, the inmate must appeal the response to the warden; (3) upon completion of the warden's review, the inmate must appeal to the regional director; and (4) finally, the inmate fully exhausts his administrative remedies by appealing the regional director's decision to the general counsel's office in Washington, D.C. *Declaration* [#132-5] at 3-4. Moreover, grievances ordinarily must be filed within a certain time period or they are considered waived. *Id.* at 4.

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to fully exhaust his administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). While there is a recognized exception to the requirement to exhaust when procedures are not available – e.g, when an inmate has been prevented from filing a grievance or the facility refused to answer a grievance – the circumstances in this case do not appear to fall within that exception. *See id.*

In support of its Motion, Defendant contends that the following facts are undisputed: (1) Plaintiff had knowledge of the BOP administrative grievance policy; and (2) Plaintiff did not pursue any administrative grievance regarding the claims at issue in his complaint through the required four-step grievance process. *Motion for Summary Judgment* [#132] at 3. Defendant cites Plaintiff's deposition testimony wherein he acknowledges that he understood the need to exhaust his administrative remedies. *Deposition of Plaintiff* [#132-4] at 15. Defendant also cites the affidavit of Mr. Synsvoll, wherein he avers that the BOP tracks the grievances filed by inmates, and that Plaintiff has not exhausted his administrative remedies with respect to any claim asserted in his complaint. *Declaration* [#132-5] at 6. While Plaintiff did file three grievances related to his medical care, he did not pursue any of them through the four-step grievance process. *Id.* In addition, he has failed to file any grievance regarding his Fifth Amendment due process claims. *Id.*

I find that Defendant has met its initial burden of demonstrating the absence of evidence to show that Plaintiff satisfied the PLRA exhaustion requirement. The burden therefore shifts to Plaintiff to show the existence of a genuine dispute about his alleged

failure to exhaust. Given that Plaintiff did not file a response through his own omission, Plaintiff cannot meet this burden. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (noting that the failure to timely respond waives any right to controvert the facts asserted in the dispositive motion); *Brooks v. Johnson*, 07-cv-00417-EWN-MJW, 2008 WL 906839, at **2-3 (D. Colo. Mar. 31, 2008) (unpublished decision) (finding that the plaintiff's failure to provide any evidence that he appealed his grievances required granting summary judgment on the issue of exhaustion). Even a charitable review of Plaintiff's deposition testimony on this subject does not prompt the Court to reach a different conclusion. While represented by counsel, Plaintiff testified only that he *thought* he filed a formal grievance regarding his Fifth Amendment claims or at least that he was "almost sure [he] did." *Deposition of Plaintiff* [#132-4] at 15. With no further evidence before the Court, there is absolutely nothing to refute Defendant's well-supported contention that Plaintiff failed to exhaust his administrative remedies. Therefore, Defendant is entitled to summary judgment as a matter of law. *Reed*, 312 F.3d at 1195.

## IV. Conclusion

For the reasons stated above, the Court RECOMMENDS that the Motion for Summary Judgment [#132] be **GRANTED,** and that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust his administrative remedies. Although the Motion for Summary Judgment was filed by Defendant BOP,

I further RECOMMEND dismissal of the individual Defendants pursuant to Fed. R. Civ. P. 4(m), which authorizes me to dismiss the case without prejudice against unserved parties where good cause for the failure to serve has not been shown. In this case, I have

previously found that Plaintiff failed to provide good cause (or excusable neglect) for his failure to timely serve the individual Defendants [Docket Nos. 85 & 93]. Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995), the Court is not inclined to do so here because it is undisputed that Plaintiff failed to exhaust his administrative remedies. In addition, the case against the individual Defendants has been pending since May 8, 2008, Plaintiff failed to comply with any of the three deadlines set by the Court to effect service, and Plaintiff was represented by counsel who is presumed to know the penalty for failing to timely serve the individual Defendants. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n.4 (D. Colo. Feb. 13, 2008) (unpublished decision).

Given that the Court recommends dismissal of Plaintiff's case in its entirety, I further RECOMMEND that the Motion to Dismiss [#80] be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review

by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 22, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix