IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-PAB-KLM

MALACHI Z. YORK, a/k/a Dwight York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on interested party Fatima Sanousi Omer's **Motion to Intervene on Behalf of Plaintiff and Third Party** [Docket No. 153; Filed January 22,

2009] (the "Motion").  Ms. Omer, who claims to be the "legal wife" of Plaintiff, seeks to intervene in these proceedings "to protect [Plaintiff] from imminent danger that the Federal Bureau of Prisons interjects upon [Plaintiff] a sixty three year old elderly [sic]." *Motion* [#153] at 1.  She also contends that intervention is necessary to discharge the sentence imposed against Plaintiff.  The Court notes that Plaintiff's case involves the alleged violation of Plaintiff's constitutional rights due to his incarceration at the USP - Aministrative Maximum ("ADX").

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  The Motion wholly fails to articulate any justification for intervention as a matter of right or permissive intervention pursuant to the requirements of Fed. R. Civ. P. 24.  Specifically, Ms. Omer has pointed to no unconditional or conditional statutory authority to intervene.  Moreover, given that the lawsuit involves the conditions of Plaintiff's confinement at ADX, conditions not also imposed on Ms. Omer, she cannot point to a common claim, interest, or defense which would entitle her to intervene.  Finally, I note that the Motion does not comply with Rule 24(c)'s requirement that it be served on the parties to the litigation, and the Motion is subject to denial on this ground alone.

Dated:   January 27, 2009