IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01297-PAB-KLM

MALACHI Z. YORK, a/k/a Dwight York,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Helath Physician Assistant,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant, each in his/her individual and official capacity,

    Defendants.

_____

## ORDER DENYING RECONSIDERATION
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Reconsider Order Denying Deposition of United States Attorney Marcy E. Cook and Quashing of Subpoena**

[Docket No. 205; Filed March 31, 2009] (the "Motion"). The Motion, which is largely unintelligible, appears to seek reconsideration of my Orders dated March 25, 26 and 27, 2009 [Docket Nos. 193, 202 & 203].

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Here, Plaintiff has failed to clearly articulate any legal or factual justification for reconsideration of my prior Orders. To the extent that Plaintiff seeks clarification of the protective order entered in this case and its impact on other cases Plaintiff may have pending, the Court notes the clear language in my prior Order whereby the protective order is limited to only those attempts to issue and serve subpoenas "in conjunction with this case." *Order* [#203] at 2 (emphasis added). My Order does not impact Plaintiff's attempts to issue and serve subpoenas in conjunction with his other pending cases.

Dated: April 6, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge