IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01297-PAB-KLM

MALACHI Z. YORK,
a/k/a DWIGHT YORK,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
MAUREEN CRUZ, former Associate Warden,
JACK FOX, Associate Warden,
BRIAN A. BLEDSOE, Warden,
L. MCDERMOTT, Health Services Specialist,
S. SMITH, SIS Technician,
S. NAFZIGER, MD, Clinical Director,
C.W. WELCH, Physician Assistant,
MICHAEL NALLEY, Regional Director,
D. SHIEFELBEIN, Physician's Assistant,
J.T. SHARTLE, former Associate Warden,
RON WILEY, Warden,
HERMAN O. LYLE, MD, Consultant Internist,
IVAN NEGRON, MD, Medical Director,
RATAEL ROMAN, MD, Clinical Director,
RAIEZ, Health Administrator,
G. HICKS, Physician Assistant,
J.F. CASTILLO, Physician Assistant,
RICK STALLKAMP, Pharmacist,
LAWRENCE LEYBA, DO, Clinical Director,
M. MILLER, Physician Assistant,
A. VINYARD, Physician Assistant,
Y. FETTERHOFF, Imaging Techniques Specialist,
M. SWANN, Practitioner Assistant,
each in his/her individual and official capacity,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on January 22, 2009 [Docket No. 151]. Plaintiff's second amended complaint asserts four "*Bivens* claims" under the Fifth and Eighth Amendments of the United States Constitution against the Federal Bureau of Prisons ("BOP") and various individuals regarding his treatment while in the BOP's custody [Docket No. 71]. On May 28, 2008 and October 2, 2008 respectively, Defendant BOP filed a motion to dismiss [Docket No. 80] and a motion for summary judgment [Docket No. 132]. Pursuant to 28 U.S.C. § 636(b)(1) (2006) and Federal Rule of Civil Procedure 72(b), these motions were referred to Magistrate Judge Kristen L. Mix for a recommendation regarding their disposition [Docket No. 146].

On October 17, 2008, several days before a response was due to defendant BOP's motion for summary judgment, plaintiff filed a motion for extension of time to respond [Docket No. 133]. On October 23, 2008, the previous judge assigned to the case denied the motion for an extension of time because plaintiff's counsel failed to comply with Local Rule 7.1A which requires that she confer with opposing counsel prior to filing such a motion [Docket No. 135]. On November 4, 2008, plaintiff filed a motion for reconsideration of the Court's October 23, 2008 denial. On November 14, 2008, I denied plaintiff's motion for reconsideration because of plaintiff's long history of noncompliance with the local rule requiring conferral as well as his repeated disregard for the Court's orders [Docket No. 145]. As a result, plaintiff was unable to file a response to defendant BOP's motion for summary judgment.

On January 22, 2009, Judge Mix issued her Recommendation [Docket No. 151]. In reviewing the motion for summary judgment, Magistrate Judge Mix correctly deemed

it to be fully briefed and proceeded with her Rule 56 analysis. *See* Recommendation [Docket No. 151] at 3; *see also Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion.").

Judge Mix recommended: (1) that I grant defendant BOP's motion for summary judgment and dismiss plaintiff's complaint without prejudice because of his failure to exhaust his administrative remedies; (2) that I dismiss the individual defendants under Federal Rule of Civil Procedure 4(m) because plaintiff had repeatedly failed to show good cause for not serving these defendants in a timely manner and because extending the time for service any further would be futile due to the exhaustion problem; and (3) that defendant BOP's motion to dismiss be denied as moot.

Plaintiff filed various timely documents that voiced objections to Magistrate Judge Mix's Recommendation [Docket Nos. 157, 158, 165]. In particular, the "Revised Objection of Recommendation by United States Magistrate Judge Granting Dismissing Medical Complaint in Favor of Plaintiff with a Leave to File Motion of Ineffective Assistance of Counsel [Docket No. 165] ("Pl.'s Revised Objection"), summarizes plaintiff's objections.

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation de novo and determines whether to accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b). I have reviewed the relevant portions of the record, including plaintiff's second amended complaint [Docket No. 71],

defendant BOP's motion for summary judgment and accompanying evidence [Docket No. 132], Magistrate Judge Mix's Recommendation [Docket No. 151], plaintiff's objections to the Recommendation, and plaintiff's replies in support of his objections [Docket Nos. 157, 158, 165, 177, 178]. Having reviewed each part of the Magistrate Judge's Recommendation de novo, for the reasons stated below, I accept it in its entirety.

As a preliminary matter, I note that plaintiff was represented by an attorney when defendant BOP filed its motion to dismiss, when the BOP filed its motion for summary judgment, when plaintiff's responses were due, and during the time service was due to be effected on the individual defendants. Therefore, as to these items, plaintiff is not entitled to the benefit of liberal interpretation afforded to *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). However, plaintiff was not represented by a properly licensed and admitted attorney at the time the Magistrate Judge issued her Recommendation or when plaintiff's objections were filed.[1] Therefore, I construe plaintiff's objections liberally and hold them to a less stringent standard than would be applied if they were drafted by an attorney. *See Truckwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Although plaintiff raises a wide range of issues in his objection, the scope of the present analysis is limited to those matters presented to the Magistrate Judge and

---

[1] A number of plaintiff's associates apparently advise and assist plaintiff in his legal affairs by drafting and filing various documents and exhibits with the Court on plaintiff's behalf. *See* Pl.'s Revised Objection at 6-7. None of these individuals, including a Mr. Garwalolu, who sought but was denied admission to this Court's bar [Docket No. 122], appear to be licensed attorneys.

addressed in her Recommendation. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). The matters for this Court to review de novo are restricted further to those to which plaintiff has filed a specific objection. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Magistrate Judge Mix filed her Recommendation as to a narrow and discrete set of issues: she concluded that defendant BOP met its burden in showing that there were no genuine issues as to any material fact regarding the exhaustion issue; she then concluded that plaintiff failed to show that there was a genuine issue for trial; in light of these facts, Magistrate Judge Mix concluded that defendant BOP was entitled to judgment as a matter of law; and lastly, Magistrate Judge Mix concluded that the individual defendants should be dismissed under Federal Rule of Civil Procedure 4(m) due to plaintiff's failure to serve them in a timely manner.

Therefore, plaintiff's objections regarding exhaustion and service of the individual defendants are the only ones properly before the Court. In this regard, because the Magistrate Judge's Recommendation did not address the merits of plaintiff's constitutional claims, the validity of plaintiff's underlying conviction, or his continued assertions of diplomatic immunity, plaintiff's arguments about those topics, *see*, *e.g.*, Pl.'s Revised Objection at 9, 15-16,18-19, will not be addressed. Also, the arguments plaintiff now makes opposing defendant BOP's motion for summary judgment and challenging the Magistrate Judge's rulings regarding service are not the proper subject of an objection to the Recommendation at issue here. By failing to comply with the

5

Court's rules and orders, plaintiff lost his opportunity to file a response to the motion for summary judgment. That decision was made far in advance of the Magistrate Judge's Recommendation; plaintiff may not circumvent the Court's orders in that regard [Docket Nos. 135, 145] in his current Objection. He also may not challenge the Magistrate Judge's previous rulings [Docket Nos. 85, 94] regarding extensions of time to effect service on the individual defendants in this manner.[2] Neither of these issues was before the Magistrate Judge, so plaintiff may not raise them now. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").[3]

The same defect attends plaintiff's arguments that he is entitled to an exception of the requirement that he fully exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e (2006); *see Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (holding that exhaustion under the PLRA is analogous to exhaustion in administrative law generally, which requires that a complainant actually attempt to undergo the entire prescribed administrative process in order to properly exhaust). Plaintiff contends that the exigent circumstances surrounding his medical condition, the potential for undue prejudice and irreparable harm, the agency's inability

---

[2] Furthermore, I agree with Magistrate Judge Mix that permitting service of the individual defendants at this late date would be futile because of plaintiff's failure to exhaust his claims.

[3] To the extent that the Court could construe plaintiff's arguments to seek reconsideration of the previous Orders, I find that reconsideration is not warranted for the reasons stated in those Orders.

to grant the remedy he seeks, futility, and the bad faith of the defendants all entitle him to be excepted from the exhaustion requirement.  *See* Pl.'s Revised Objection at 4-5.  While the applicability of the exceptions to general administrative exhaustion in the context of the PLRA is not entirely certain, *cf. Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), I need not decide that question here because plaintiff did not raise these issues prior to his Objection.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Plaintiff's Objection does not argue that Magistrate Judge Mix erred by applying incorrect legal standards in her Recommendation; upon de novo review, I find no such error.  Instead, plaintiff improperly asserts the new arguments discussed above and indicates that evidence not before Judge Mix demands a different outcome.  As for the new evidence, which the Court may consider under the directives of Rule 72, plaintiff alleges that he did in fact comply with the exhaustion requirement under the PLRA.  However, he has offered no actual evidence – either in connection with his Objection or otherwise – to support the contention that he fully exhausted his administrative remedies.  Rather, he makes unsupported and inconsistent statements about the administrative exhaustion of his claims.  *See, e.g.*, Pl.'s Revised Objection at 3, 4, 18, 20-21.  His only citation is to an unsupported statement in his Second Amended Complaint.  *See* Pl.'s Revised Objection at 20 (citing Second Am. Compl. ¶ 64).  However, it is well-settled that at the summary judgment phase, a plaintiff may not rely

on the pleadings to show a triable issue of fact.  See Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

To the extent that plaintiff has submitted something that may be regarded as "further evidence" of exhaustion in his prolific filing since his Objection, I exercise my discretion under Rule 72(b) and do not consider it.[4]  *See* Fed. R. Civ. P. 72(b)(3) ("The district judge *may* . . . receive further evidence." (emphasis added)); *see also Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006) (unpublished) (citing *Doe v. Chao*, 306 F.3d 170, 183 n. 9 (4th Cir. 2002), *aff'd*, 540 U.S. 614 (2004); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 n. 4 (11th Cir. 2002)).

Plaintiff also raises an objection to Magistrate Judge Mix's recommendation that the individual defendants be dismissed under Rule 4(m).  Plaintiff's first argument in this regard seems to be that his attorney's failure to serve all of the defendants amounted to ineffective assistance of counsel.  *See* Pl.'s Revised Objection at 14-15.

This is an argument that was not presented to the Magistrate Judge and, therefore, plaintiff's complaints in this regard are not properly considered "objections" to her Recommendation.  Plaintiff is challenging the Court's earlier rulings regarding plaintiff's motions for extensions of time rather than the Recommendation itself.

---

[4] During the course of this case, Plaintiff and those acting on his behalf have filed numerous improper and irrelevant documents with the Court.  Various individuals who are not parties to this case have signed and filed documents on plaintiff's behalf [*e.g.*, Docket Nos. 196, 197, 198].  Various documents of questionable authenticity have been filed with the Court.  For example, it appears plaintiff could not have signed certain documents in the record that bear his signature.  *See* Def.'s Mot. to Strike [Docket No. 220] ¶ 5.  To date, the Court has stricken more than two dozen of these improper filings.  There remains considerable doubt as to the reliability and veracity of the materials submitted by plaintiff and by others on his behalf.

Furthermore, unlike criminal cases, a party does not have a constitutional right to the effective assistance of counsel in most civil cases.  *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119–20 (10th Cir. 2006) (noting that immigration cases appear to be the only exception).  Furthermore, a party generally may not avoid the natural results of his attorney's action or inaction in a case.  *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 397 (1993).  Thus, to the extent that the failure to respond to the motion for summary judgment is attributable to plaintiff's counsel, plaintiff must bear those consequences.

In conclusion, following the Court's de novo review, it is

**ORDERED** that the plaintiff's objections [Docket Nos. 157, 158, 165] are OVERRULED and the Recommendation of United States Magistrate Judge Kristen L. Mix filed on January 22, 2009 [Docket No. 151] is ACCEPTED in its entirety.  For the reasons stated in the Recommendation and this Order: (1) Defendant Federal Bureau of Prison's motion for summary judgment [Docket No. 132] is GRANTED and the case against it is dismissed without prejudice; (2) Plaintiff's claims against all other defendants in this case are DISMISSED under Federal Rule of Civil Procedure 4(m) due to plaintiff's failure to serve these defendants; (3) Defendant's motion to dismiss [Docket No. 80] is DENIED as moot.  It is further

**ORDERED** that all other pending motions in this case are denied as moot.  It is further

**ORDERED** that the Clerk shall forthwith enter judgment in favor of all defendants and against plaintiff with respect to all claims in this case.

DATED May 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge